# In re Petition of Central Vermont Public Service Corporation

[463 A.2d 525]

No. 82-122

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed June 7, 1983

*Donald L. Rushford* and *Steven J. Allenby,* Rutland, for Petitioner-Appellant.

*Michael L. Burak* and *Michael Marks,* Montpelier, for Respondent-Appellee.

**Peck, J.** The Central Vermont Public Service Corporation [Central Vermont] appeals from a decision of the Public Service Board [Board] in which the Board granted recoupment[1] pursuant to 30 V.S.A. § 226(b) as then enacted,[2] but limited the award to the amount requested in the tariff as originally proposed. Central Vermont argues that the Board failed to establish just and reasonable rates as required by 30 V.S.A. § 218 by limiting the amount of the award to the amount filed by the utility. We agree, and remand the matter to the Board for a determination of just and reasonable rates for the period in question.

It is unnecessary to go into a detailed recitation of the facts of this case. It is sufficient to say that Central Vermont filed two rate increases, the first to become effective on October 6, 1980, and the second to become effective on January 1, 1981. The result of the second filing was to limit the time period covered by the first filing to the period from October 6, 1980, to December 31, 1980. The present appeal relates to recoupment for this time period.

The Board granted Central Vermont recoupment for this period in the amount of 2.24 mills per kilowatt hour over previously allowed power costs. The Board found that the utility's power costs had increased by 3.27 mills, but it allowed recoupment of only 2.24 mills because "[f]or purposes of recoupment a utility is limited by the amount requested in the original tariff." On appeal, Central Vermont argues that the Board is not so limited, and that the Board breached its duty to set just and reasonable rates by limiting the award to the amount originally requested.

■■ It is clear that the Public Service Board has a duty

---

[1] If the Public Service Board suspends a utility's rate filing and eventually grants the utility a rate increase, recoupment is the amount, if any, the utility is allowed to recover in order to compensate it for revenue shortages it experienced between the date of the rate filing and the date the rate increase takes effect. 30 V.S.A. § 226(b).

[2] Recoupment is no longer permitted. See 30 V.S.A. § 226(b) as amended by 1981, No. 226 (Adj. Sess.), § 4, effective May 6, 1982.

to set just and reasonable rates. 30 V.S.A. § 218; *In re Central Vermont Public Service Corp.*, 141 Vt. 284, 288, 449 A.2d 904, 906–07 (1982). In addition, the Board has the right to enlarge the proceedings and consider granting rate relief beyond that requested by the utility in its pleadings. *In re Green Mountain Power Corp.*, 136 Vt. 170, 173, 385 A.2d 1110, 1112 (1978). Under 30 V.S.A. § 226(b) as it existed at the time of these proceedings, recoupment is calculated by reference to "the rates finally determined." *In re Central Vermont Public Service Corp., supra*, 141 Vt. at 294, 449 A.2d at 910.

■■ Ordinarily, this Court will not interfere with the Board's decisions relating to the amount of recoupment a utility will be awarded, since this is a matter of discretion within the competence and expertise of the Board. *In re Vermont Electric Coop.*, 141 Vt. 595, 598, 451 A.2d 1110, 1112 (1982). However, in the instant case we must step in since the Board failed to exercise its discretion in determining the final amount of recoupment to be awarded. The Board made clear findings on the increased power costs, but then in the face of the clear language of the statute, failed to exercise its discretion to decide what amount of these increased costs, if any, should be awarded to Central Vermont in the form of recoupment. Rather, the Board limited the amount it awarded to the amount the utility originally requested, a practice which it is not required by statute to do. The Board made no findings to indicate that the amount it awarded was just and reasonable; its failure to do so constituted an abuse of discretion. Accordingly, we remand to the Board the issue of the amount of recoupment to be awarded to Central Vermont.

■ This opinion is not to be construed as requiring a different end result below. We hold only that recoupment is not necessarily limited by the amount requested in the original tariff, but that in establishing just and reasonable rates the Board must exercise its discretion affirmatively in determining the extent to which the increased costs should be awarded as recoupment.

*Reversed and remanded.*